**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KENDRICK E. DULDULAO,

Plaintiff,

CASE NO. 8:11-cv-01413-SDM-TBM

v.

LA CREPERIA CAFÉ, INC., a Florida corporation, d/b/a LA CREPERIA CAFE

Defendant.

_______________________________________/

**DEFENDANT'S MOTION TO DISMISS, ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, LA CREPERIA CAFÉ, INC., a Florida corporation d/b/a LA CREPERIA CAFE ("La Creperia"), by and through the undersigned counsel and pursuant to Rule 12(b) and Rule 12(e) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint filed by Plaintiff, KENDRICK E. DULDULAO ("Plaintiff"), or, in the alternative, moves for a more definite statement before La Creperia is required to interpose a responsive pleading. In support of its Motion, La Creperia states as follows:

1. Plaintiff filed a one count Complaint alleging twelve violations of 42 U.S.C. §12181, et. seq. (the "Americans with Disabilities Act" or "ADA").

2. Plaintiff is a serial litigant, who has filed fifty-seven (57) complaints alleging violations of the ADA in the Middle District of Florida since November 30, 2009[1].

---

[1] Plaintiff has filed extensive litigation throughout Florida against restaurants, bars, gentleman's clubs, hotels, shopping malls and other local/small businesses.

3. Since October 5, 2010, Plaintiff has filed thirteen (13) complaints against restaurant establishments in the Middle District of Florida.

4. Plaintiff's Complaint against La Creperia is a mirror image of the multiple Federal complaints that the Plaintiff has filed against other restaurants throughout Florida.

5. In each of these complaints, Plaintiff claims that he was "denied full and equal access to, and full and equal enjoyment of . . ." the restaurant's facilities.

6. Plaintiff's complaints then go on to list multiple reasons as to why he was denied full access to the establishments, which reasons are essentially the same in each and every complaint with respect to like-kind restaurant facility categories (*i.e.* certain of these other complaints allege problems with parking facilities or stairs, which do not exist in La Creperia's case). Copies of the pertinent portions of the Complaint against La Creperia and pertinent portions of Plaintiff's complaints against other restaurants filed since October 5, 2010 are attached hereto as **Composite Exhibit A**.

7. The complaints are drafted in a general manner, such that the same complaint will operate as a standard complaint for all restaurant businesses. While this "one size fits all" approach makes filing suit against multiple businesses easier, it makes it significantly more difficult for La Creperia to determine the nature and extent of the alleged ADA violations.

8. In the Complaint, Plaintiff alleges that there are twelve (12) ADA violations in the La Creperia restaurant.

9. Of note is the fact that Plaintiff fails to allege the precise date on which he visited La Creperia's restaurant and, for that reason alone, the Complaint should be dismissed.

10. Moreover, many of the alleged ADA violations are not, in fact, violations of any section of the ADA.

11. The majority, if not all, of the allegations are not specific enough to allow La Creperia to properly and intelligently respond to the allegations.

12. Finally, Plaintiff lacks standing to allege violations of the ADA that do not affect him as a wheelchair-bound individual. Allegations associated with door hardware and signage apply to individuals with different disabilities, and Plaintiff lacks standing to allege violations of the ADA associated with these issues.

WHEREFORE, La Creperia respectfully requests that this Court enter an order granting La Creperia's Motion to Dismiss without Prejudice or, in the alternative, enter an order requiring Plaintiff to file a more definite statement with regard to the alleged violations of the ADA such that La Creperia can properly respond to said allegations. La Creperia also respectfully requests that this Court grant any further and additional relief that it deems just and appropriate.

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

The purpose of Rule 12(b)(6) which provides for the dismissal of a complaint for failure to state claim upon which relief can be granted is to allow courts to eliminate actions that are fatally flawed in their legal premises and are destined to fail, and thus spare litigants the burden of unnecessary pretrial and trial activity. Advanced

Cardiovascular Systems, Inc. vs. Scimed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993). Rule 12(b)(6) is designed to test the facial sufficiency of the statement of claim for relief. Vernon v. Medical Management Assocs. of Margate, Inc., 912 F. Supp. 1549, 1553 (S.D. Fla. 1996). However in doing so, the court should construe the complaint in a light most favorable to the plaintiff and factual allegations in the plaintiff's complaint must be taken as true. Id.

## II. Motion for More Definite Statement Standard

Motions for more definitive statements under Rule 12(e) should be granted where the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. Royal Shell Vacations, Inc. v. Scheyndel, 233 F.R.D. 629, 630 (Dist. Ct. M.D. Fla. 2005). Pleadings which are so vague and ambiguous that the adverse party cannot determine what their true nature is, are subject to a motion for a more definite statement. American Sheet Metal, Inc. v. Em-Kay Engineering Company, Inc., 478 F. Supp. 809, 815 (E.D. Cal. 1979). If a complaint contains viable legal theory but is so vague and ambiguous that the opposing party cannot respond, either because it is conclusory, inarticulate or for other reasons, the appropriate remedy is a motion for a more definitive statement. Jones v. Metropolitan Denver Sewage Disposal District No. 1, 537 F. Supp. 966, 969 (D. Col. 1982). See also, Ohio-Sealy Mattress Manufacturing Co. v. Duncan, 90 F.R.D. 21, 24 (N.D. Ill. 1980) (defendant was entitled to a more definite statement of allegations made against him in complaint where complaint was "woefully deficient" in providing defendant with notice of his alleged wrongful conduct).

## III. Specific Violations Alleged by Plaintiff

As stated in La Creperia's Motion, Plaintiff has utilized very general allegations in his Complaint so that the pleading can be used against multiple defendants with minimal modification. This makes responding to the Complaint extremely difficult, because it is hard to determine the precise ADA violation that has allegedly affected the Plaintiff. Moreover, many of the alleged violations cited in Plaintiff's Complaint are not, in fact, violations. This Memorandum provides discussion with regard to each alleged violation and demonstrates that Plaintiff's Complaint should be dismissed or, at a minimum, Plaintiff should be required to provide more specific information regarding each alleged violation.

### A. Failure to Secure a Door Mat

Plaintiff's first allegation is that the door mat at the entryway to the restaurant is not secured as provided in 28 C.F.R. Part 36, Section 4.5.3. The section cited by Plaintiff addresses carpeting requirements, not mats placed outside or immediately inside of an entry door. Federal courts have held, and the Access Board (comprised of members of the Department of Justice) has confirmed, that door mats are "furnishings" and are not covered by the ADA. *See* Wilson v. Pier 1 Imports (US), Inc., 439 F.Supp.2d 1054, 1073 (E.D. Cal 2006). Moreover, stable door mats that are not tripping hazards "may actually improve the accessibility of a surface." Id. Because the ADA does not recognize a claim for an unsecured door mat, Plaintiff's Complaint should be dismissed.

**B. Service Counter Height**

Plaintiff's second allegation is that the service counter at La Creperia's restaurant is higher than 34 inches above the floor in violation of 28 C.F.R. Part 36, Section 5.2, which reads:

> "**5.2 Counters and Bars.** Where food or drink is served at counters exceeding 34 in (865 mm) in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 in (1525 mm) in length minimum shall be provided in compliance with 4.32 ***or service shall be available at accessible tables within the same area***." (emphasis added)

In this case, La Creperia offers diners the choice of table service or service at a counter. Plaintiff's allegations do not set forth a claim because there is no allegation that table service is not available immediately adjacent to the allegedly non-compliant counter. Because there is no claim for violation of the ADA when both counter and table service are offered, Plaintiff's Complaint should be dismissed.

**C. Restroom Door Hardware**

Plaintiff's third allegation is that there is no accessible door hardware in the restroom that can be opened with a closed fist. Plaintiff goes on to declare that this is in violation of 28 C.F.R. Part 36, Section 4.23.9. The particular code cited by Plaintiff addresses medicine cabinets and the proper heights for usable shelves; it does not address door hardware. The rule specifically provides: "If medicine cabinets are provided, at least one shall be located with a usable shelf no higher than 44 in (1120 mm) above the floor space." La Creperia's bathroom does not contain a medicine cabinet, and it is unclear as to what bathroom hardware Plaintiff believes is in violation of the ADA. Therefore, Plaintiff's third complaint wholly fails to state a claim for which relief can be granted and should be dismissed or, in the alternative, Plaintiff should be required to

clarify how 28 C.F.R. Part 36, Section 4.23.9 applies to the door hardware in La Creperia's restroom.

**D. Insulation of Drain Pipes**

Plaintiff's fourth allegation is that the hot water pipes are not properly insulated to prevent burns and scrapes as provided in 28 C.F.R. Part 36, Section 4.19.4. The cited section reads "[h]ot water and drain pipes under lavatories shall be insulated ***or otherwise configured to protect against contact***. There shall be no sharp or abrasive surfaces under lavatories." (emphasis added). Plaintiff's fourth complaint fails because there is no allegation that the drain pipes under restroom lavatories are not configured to protect against contact; the Plaintiff's allegation is merely that no insulation is present. Moreover, the restroom drain pipes at La Creperia have been configured to avoid incidental contact to handicapped patrons in compliance with 28 C.F.R. Part 36, Section 4.19.4 of the ADA. Because there is no claim for violation of the ADA when drain pipes have been configured to avoid incidental contact, Plaintiff's Complaint should be dismissed or, alternatively, Plaintiff should be required to amend his Complaint to specifically describe how the restroom sink drain fails to comply with the ADA.

**E. Underside Sink Clearance**

Plaintiff's fifth allegation is that the required underside clearance under the restroom lavatory was not properly provided because a garbage can blocked access. Plaintiff alleges that this is a violation of 28 C.F.R. 36, but fails to provide a specific section. The "Frequently Asked Questions" page on the ADAAG website specifically states that "[f]urniture, furnishings and equipment not fixed to building construction are not scoped or specified in *ADAAG* (although the DOJ and DOT rules cover some such

items)." Moreover, the 11th Circuit Court of Appeals has conclusively held that "only permanent, physical structures and the fixed items attached to those structures are 'facilities' that may be 'altered'." American Association of Peoples with Disabilities v. Harris, 2011 WL 3117872 (11th Cir. 2011).

In Colorado Cross-Disability Coalition v. Too (Delaware), Inc., the court held that movable shelves that impede access to disabled patrons are not part of the "facility" and held that modifications were unnecessary. Colorado Cross-Disability Coalition v. Too (Delaware), Inc., 344 F.Supp.2d 707 (D. Colo. 2004). In this case, Plaintiff is arguing that a movable garbage can (a furnishing), which is not typically located under the restroom sink[2], is somehow creating a barrier to Plaintiff's use and enjoyment of the La Creperia restaurant. No barrier is created by the presence of a furnishing in the restroom that was inadvertently moved under the restroom sink by another patron from its proper place immediately adjacent to the sink. The case law cited above confirms that a movable item that is not permanently attached to the building or structure cannot be the basis of an ADA complaint. Because there is no permanent architectural barrier created by the presence of a movable garbage can in the restroom, Plaintiff's Complaint should be dismissed.

**F. Toilet Flushing Controls**

Plaintiff's sixth allegation is that La Creperia has failed to provide accessible restroom toilet flushing controls. However, Plaintiff does not cite to a specific portion of the ADA; he merely cites to 28 C.F.R. Part 36. La Creperia is unclear as to how its toilet flushing controls are out of compliance with the ADA. 28 C.F.R. Part 36 has some

[2] The garbage can is not typically located under the restroom sink because patrons would have trouble throwing refuse into the garbage can. The garbage can was likely placed there by another patron or by the Plaintiff himself, and has since been moved to its original location.

language regarding flushing controls for urinals (*see* 28 C.F.R. Part 36, Section 4.18.4), 28 C.F.R. has some language regarding "controls and dispensers", and 28 C.F.R. Part 36 Section 4.27 et. seq. provides additional information for controls and clearances necessary for controls.

La Creperia believes that it is in compliance with the required provisions, and it is impossible for La Creperia to determine whether Plaintiff is complaining about the type of handle used, the height of the handle, the clearance around the handle, or the torque required to operate the handle. Because Plaintiff's sixth allegation is wholly unclear and fails to cite to a specific violation, the claim should be dismissed or, in the alternative, Plaintiff should be required to clarify the specific violation.

**G. Restroom Mirror**

Plaintiff's seventh allegation is that La Creperia has failed to install a restroom mirror in compliance with 28 C.F.R. Part 36, Section 4.19.6. La Creperia has investigated this allegation and has repaired any deficiency (the fact that the mirror was placed a few inches too high for disabled patrons). To the extent that this issue has been repaired, this Court should declare that the issue is moot, and cannot be alleged in any future amended or restated complaint.

In Wilson v. Pier 1 Imports (US), Inc., the court held that the retail operator's cure of any alleged violation associated with provision of reserved accessible parking spaces made the issue moot for the purposes of the ADA public accommodation provision. Wilson at 1069. Like the Wilson case, La Creperia's repair of any defect associated with the height of the mirror in the restroom makes Plaintiff's claims moot for the purposes of the ADA public accommodation provisions.

**H. Paper Towel Dispenser**

Plaintiff's eighth allegation is that La Creperia has failed to provide a paper towel dispenser at an accessible height as required by 28 C.F.R. Part 36, Section 4.22.7. Plaintiff's Complaint conveniently fails to allege the approximate height of the paper towel dispenser located in La Creperia's restroom, and fails to allege that the controls are not within the proper height requirements. If Plaintiff had to allege this information, there would be no violation of the ADA because the height of the dispenser and its controls meet the provisions of the ADA, specifically, 28 C.F.R. Part 36, Section 4.22.7.

Plaintiff's Complaint should be dismissed for failure to allege that the highest operable part of the controls for the paper towel dispenser is in excess of 54 inches. Alternatively, Plaintiff should be required to provide a more definite statement to determine whether Plaintiff is claiming that the height of the operable controls for the paper towel dispenser must comply with 28 C.F.R. Part 36, Section 4.2.5 or 4.2.6 (*i.e.* 48" or 54").

**I. Toilet Paper Dispenser**

Plaintiff's ninth allegation is that La Creperia has failed to provide a toilet paper dispenser at an accessible height as required by 28 C.F.R. Part 36, Section 4.22.7. Plaintiff's Complaint conveniently fails to allege the approximate height of the toilet paper dispenser located in La Creperia's restroom, and fails to allege that the controls are not within the proper height requirements. If Plaintiff had to allege this information, there would be no violation of the ADA because the height of the dispenser and its controls meet the provisions of the ADA, specifically, 28 C.F.R. Part 36, Section 4.22.7.

Plaintiff's Complaint should be dismissed for failure to allege that the highest operable part of the controls for the toilet paper dispenser is in excess of 54 inches. Alternatively, Plaintiff should be required to provide a more definite statement to determine whether Plaintiff is claiming that the height of the operable controls for the toilet paper dispenser must comply with 28 C.F.R. Part 36, Section 4.2.5 or 4.2.6 (*i.e.* 48" or 54"). It is also important to note that the toilet paper dispenser at the La Creperia restaurant is well within the required height. The majority, if not all, toilet paper dispensers in public and private facilities are located between 9 inches and 48 inches up the wall. Any other height would be inconvenient for all patrons utilizing the restroom.

**J. Coat Hook Height**

Plaintiff's tenth allegation is that the coat hook on the restroom door is too high, which Plaintiff claims is a violation of 28 C.F.R. Part 36, Section 4.1.3(12) and 4.25.3. The sections cited by Plaintiff are inapplicable to a coat hook on a restroom door. Section 28 C.F.R. Part 36, Section 4.1.3(12) and 4.25.3 address placement of "fixed or built-in storage facilities such as cabinets, shelves, closets, and drawers." The provision does not address coat hooks, and Plaintiff's complaint with regard to the coat hook should be dismissed or, alternatively, Plaintiff should be required to demonstrate that coat hooks are subject to the provisions of 28 C.F.R. Part 36, Sections 4.1.3(12) and 4.25.3.

**K. Directional and Informational Signage**

Plaintiff's eleventh allegation is that La Creperia has failed to provide "adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16)." Plaintiff again fails to allege how the signs posted in La Creperia's facility fail to comply with the extensive sign regulations

provided in 28 C.F.R. Part 36, Section 4.1.3(16). The specific section cited by Plaintiff addresses character height and width, use of braille, finish and background, mounting and location, and proper signage regarding international symbols of accessibility. La Creperia is unclear if Plaintiff is challenging that La Creperia's directional and informational signs violate one, some or all of the aforementioned sections; therefore, Plaintiff's complaint should either be dismissed, or Plaintiff should be required to plead with more specificity regarding La Creperia's alleged sign violations.

**L. Signage (Second Allegation)**

Plaintiff's twelfth (and final) allegation is that Plaintiff failed to provide signage addressing people with disabilities as required by 28 C.F.R. Part 36, Section 4.30.4. The same argument for the eleventh allegation applies to the twelfth allegation. Additionally, La Creperia has provided signage in accordance with the ADA regulations.

**IV <u>Plaintiff Lacks Standing</u>**

Plaintiff alleges that he currently suffers from what constitutes a "qualified disability under the ADA, as he uses a wheelchair for mobility. Plaintiff's Complaint contains no further allegations regarding the nature and extent of Plaintiff's disability. Despite the fact that Plaintiff's only alleged disability is his confinement to a wheelchair, Plaintiff has cited to violations that would affect individuals with disabilities beyond that of a wheelchair-bound individual. Specifically, Plaintiff complains about the door hardware in the La Creperia restroom and signage throughout the La Creperia restaurant.

Courts have held that a plaintiff in a Title III ADA matter does not have standing to allege violations of the ADA that do not directly affect the plaintiff.

> "Article III standing requires a plaintiff to demonstrate three things: that he has suffered an 'injury in fact;' that the injury was causally connected

> to the defendant's action; and that the injury will be redressed by judgment in his favor . . . Standing is limited to claims for which the plaintiff is 'among the injured,' . . . in the present case, this would include allegations of discriminate [sic] against mobility-impaired, wheelchair-restricted persons. Plaintiffs lack standing to complain about violations on behalf of all individuals, as this would expand the standing doctrine beyond the limits of Article III." Access Now, Inc. v. South Florida Stadium Corp., 161 F.Supp.2d 1357, 1363-1364 (S.D. Fla. 2001).

In this case, Plaintiff cannot allege that La Creperia has failed to comply with ADA provisions that affect individuals who cannot properly turn door hardware or individuals who are blind. Despite this limitation, Plaintiff has alleged violations associated with door hardware and signage, which do not apply to wheelchair-bound individuals. Because Plaintiff lacks standing with regard to these allegations, Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss or, in the alternative, declare that Plaintiff must file a more definite statement with regard to the alleged ADA violations, and provide for any and all additional relief that this Court deems just and appropriate.

TAMPA LAW SOURCE, P.A.

/s/ Daniel G. Musca
Daniel G. Musca, Esq.
Florida Bar No. 72877
dan@tampabizlaw.com
Brian C. Chase, Esq.
Florida Bar No. 17520
brian@tampabizlaw.com
12004 Race Track Road
Tampa, Florida 33626
Phone: (813) 814-0700
Facsimile: (813) 814-0762
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss and Alternative Motion for More Definite Statement has been furnished by electronic filing via CM/ECF or United States Mail this 2nd day of August, 2011, to the following:

B. Bradley Weitz, Esq.
The Weitz Law Firm, P.A.
Bank of America Building
18305 Biscayne Blvd., Suite 214
Miami, Florida 33160
Tel: (305) 949-7777
Fax: (305) 704-3877

/s/ Daniel G. Musca
Attorney