UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK E. DULDULAO,

        Plaintiff,                              CASE NO.: 8:11-cv-01413-SDM-TBM

v.

LA CREPERIA CAFÉ, INC., a Florida
Corporation, d/b/a LA CREPERIA CAFÉ,

        Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
AND MEMORANDUM OF LAW**

The Defendant, La Creperia Café, Inc. ("Defendant" or "La Creperia") by and through

the undersigned counsel, and pursuant to Rules 12 and 68, Fed.R.Civ.P., hereby moves this

Court for entry of an order dismissing the Complaint filed by Plaintiff, Kendrick E. Duldulao,

M.D. ("Plaintiff" or "Dr. Duldulao") for lack of subject matter jurisdiction, and as grounds

therefore states as follows:

1.      On June 24, 2011, Dr. Duldulao filed a one-count Complaint against La Creperia

alleging twelve violations of 42 U.S.C. §12181, et. seq. (the "Americans with Disabilities Act"

or "ADA").  The Complaint was served on July 12, 2011.

2.      The sole remedies and relief sought in the Complaint were modification of the

Defendant's restaurant premises to correct alleged ADA violations, the entry of an injunction to

ensure future compliance with the ADA and an award of attorneys' fees and costs.

3.      Most of the allegations in Plaintiff's Complaint against La Creperia are highly

generalized, "one size fits all" allegations of ADA non-compliance and fail to provide any

significant detail as to how specific aspects of La Creperia's restaurant facility are not ADA compliant.

4.      Moreover, many of the alleged ADA violations are not, in fact, violations of any section of the ADA, and Dr. Duldulao, who is a wheelchair bound paraplegic, lacks standing to raise a variety of the claims of ADA non-compliance made in his Complaint which relate to vision impaired individuals or individuals with below average hand strength and/or dexterity.

5.      In order to elicit a description from Plaintiff clarifying what, if anything, was truly non-compliant with La Creperia's restaurant facility, Defendant filed its Motion to Dismiss, Alternative Motion for More Definitive Statement and Incorporated Memorandum of Law (the "Motion to Dismiss/For More Definitive Statement") which is currently pending before this Court.

6.      Because all of Dr. Duldulao's twelve allegations of non-compliance, if true, could be remedied by quick, minor and inexpensive adjustments to the facility, such as moving a plastic garbage can in the restroom, adjusting the height of/remounting a few small restroom fixtures such as a hook on a door, mirror and toilet paper dispenser, removing the rubber backed entry mat at the restaurant entrance, adding an additional restroom sign to the ADA compliant sign currently affixed to the door of the restroom, etc., Defendant, through the undersigned counsel, made a Rule 68 Offer of Judgment to Plaintiff on July 26, 2011.

7.      Plaintiff thereafter informed Defendant that the July 26, 2011 Offer of Judgment was not specific enough concerning what was being offered in settlement.

8.      Accordingly, Defendant made a second and more specific Offer of Judgment on August 1, 2011, which was also rejected by Plaintiff as not specific enough concerning what was being offered in settlement.

9.      Thereafter, Defendant realized that the prior Offers of Judgment provided ten days to accept rather than the proper fourteen days to accept, and to correct this error, Defendant made a third Offer of Judgment on September 13, 2011, a true and correct copy of which is attached hereto as **Exhibit A** (the "September Offer of Judgment").

10.     The September Offer of Judgment offered to have: (a) Defendant modify specific items of Defendant's restaurant facility to the extent that Defendant's counsel was able to discern the allegations of ADA non-compliance made in the Complaint; (b) Defendant's owners and legal counsel meet with Dr. Duldulao and/or his attorney at their convenience to inspect the restaurant facility and thereafter promptly fix or modify any other items that Plaintiff could credibly explain might be or is in violation of the ADA, even if those asserted violations did not match up with Dr. Duldulao's disability; (c) a judgment entered against Defendant which included an injunction against future ADA violations; and (d) Defendant pay Plaintiff's legal fees, expenses and costs incurred through the date of the September Offer of Judgment.

11.     Dr. Duldulao, through his legal counsel, rejected the September Offer of Judgment on September 27, 2011 by alleging that none of Plaintiff, Defendant or Defendant's legal counsel had the requisite expertise to determine how La Creperia's restaurant facility might be in violation of the ADA.  A true and correct copy of such correspondence is attached hereto as **Exhibit B** ("Plaintiff's Response to the Offer of Judgment").

12.     Plaintiff's Response to the Offer of Judgment concluded that until Plaintiff was afforded the opportunity to conduct a Rule 34, Fed. R. Civ. P., inspection of La Creperia's restaurant premises (*i.e.,* of a restaurant open to the general public) there was no way of telling what the ADA violations might exist.

13. Further evidence of Plaintiff's lack of knowledge of any specific ADA deficiencies is demonstrated by Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Alternative Motion For More Definitive Statement [DE 5, 5-1] and Incorporated Memorandum of Law ("Plaintiff's Response to the Motion to Dismiss"), in which Plaintiff asserts in the third page thereof that "…only once a full inspection is done can all said violations be identified, as stated in paragraph 16 of the Complaint." Plaintiff later asserts the opposite on page 9 of Plaintiff's Response to the Motion to Dismiss that "[i]n the instant Complaint the 12 alleged violations are clearly specific enough that the Defendant can at least determine what their true nature is."

14. Both Plaintiff's Response to the Offer of Judgment and Response to the Motion to Dismiss suggest that the only way a determination of Defendant's ADA compliance may be made is after both sides have engaged expensive ADA experts to advise the parties as to how Defendant's restaurant facility may or may not be ADA compliant.

15. In sum, Plaintiff's Response to the Offer of Judgment and Response to the Motion to Dismiss make it abundantly clear that Plaintiff has no idea what, if anything, is wrong with the restaurant, but is unwilling to settle until deep into the litigation process after both sides have racked up substantially higher fees and costs.

15. The remedies and compensation offered by La Creperia in the September Offer of Judgment met or exceeded (in Defendant's view substantially exceeded) the maximum potential remedies and liability to which Dr. Duldulao would have been or could be awarded under the ADA on his best day in court.

16. The September Offer of Judgment exceeded what Dr. Duldulao would be entitled to receive if the matter was litigated to trial because the September Offer of Judgment offered to

fix any alleged ADA violations even if Plaintiff had only a modicum of legal support indicating

that the conditions in question violated the ADA and offered to fix items in the restaurant despite

the fact that the items (such as signage and handles) did not relate to Plaintiff's disability.

17.     Since La Creperia's September Offer of Judgment would make Dr. Duldulao

whole, no further case or controversy exists pursuant to Article III of the United States

Constitution; therefore, Dr. Duldulao claim for compensation is moot.

18.     As a result, this Court no longer has subject matter jurisdiction over the claims set

forth in this litigation.

18.     La Creperia respectfully moves this Court to dismiss this matter for lack of

subject matter jurisdiction.  In support thereof, La Creperia relies on the following Memorandum

of Law.

## MEMORANDUM OF LAW

### Background

Dr. Duldulao is a serial litigant who has filed fifty-seven (57) complaints alleging

violations of the ADA in the Middle District of Florida since November 30, 2009[1].  Since

October 5, 2010, Plaintiff has filed thirteen (13) ADA complaints against restaurant

establishments in the Middle District of Florida.

Dr. Duldulao's Complaint against La Creperia is a mirror image of the multiple Federal

complaints that he has filed against other restaurants throughout Florida.  In each of these

complaints, Plaintiff claims that he was "denied full and equal access to, and full and equal

enjoyment of . . ." the restaurant's facilities.  Plaintiff's complaints then go on to list multiple

reasons as to why he was denied full access to the establishments, which reasons are essentially

---

[1] Plaintiff has filed extensive litigation throughout Florida against restaurants, bars, gentleman's clubs, hotels,
shopping malls and other local/small businesses.

the same in each and every complaint with respect to like-kind restaurant facility categories (*i.e.* certain of these other complaints allege problems with parking facilities or stairs, which do not exist in La Creperia's case).

Dr. Duldulao has targeted many of the best known retail and entertainment establishments in the Tampa Bay area, generally asserting a laundry list of vague allegations of non-specific ADA violations.  It is clear from many of the grounds for Dr. Duldulao's suit that he personally has not been impacted by many or most of the alleged ADA violations.  For example, an improper toilet handle or door handle or lack of closed captioning on televisions would appear to have no real relation to Plaintiff's physical condition.

It appears after this counsel's review of the docket of many of the suits filed by Dr. Duldulao in the Middle District of Florida that he does not litigate the matters to a final hearing or trial and all or just about all defendants named in such suits settle with Plaintiff upon undisclosed settlement terms.

Since La Creperia is a very small restaurant establishment without substantial financial resources,[2] La Creperia decided early in this case to "cut to the chase" and use Rule 68 as a means of correcting anything for which Plaintiff could show "any authority whatsoever that there is any remotely plausible argument that other items in the restaurant …are not ADA compliant." None of the alleged violations of the ADA listed by Dr. Duldulao in his Complaint involved major work to modify components of the restaurant facility such as steps, doorway clearances or bathroom stall construction.  Instead, all of the alleged violations of the ADA cited by Dr. Duldulao were either trivial in nature or clearly unsupported by law, and thus any actual ADA violations could be quickly and cheaply remedied.  The September Offer of Judgment also

---

[2]   Over the past year the dismal condition of the economy has led to both of the two owners of La Creperia declaring bankruptcy and closing down two of their three restaurants conducting business under the name "La Creperia."

offered to pay Plaintiff Dr. Duldulao's reasonable attorneys' fees, expenses and court costs incurred through the date of the September Offer of Judgment.

Given the challenge of responding to allegations in the Complaint that appear to be either inapplicable to La Creperia's restaurant or inaccurate statements of ADA requirements, Defendant's Rule 68 September Offer of Judgment clarified that:

> "Please also consider this letter to be a complete capitulation to your demands to the extent that we understand them (now or after your above reinspection of the restaurant premises).  If our offer to fix any item within the restaurant premises is not specific enough, then please advise of why you feel this is the case and we will be more specific."

The September Offer of Judgment was met with an admission expressed in Plaintiff's Response to the Offer of Judgment and Plaintiff's Response to Motion to Dismiss that Dr. Duldulao really had no idea what might be wrong with La Creperia's restaurant facility. Plaintiff's Response to the Offer of Judgment and Plaintiff's Response to Motion to Dismiss are not entirely surprising because Plaintiff has a history of making claims of ADA non-compliance and thereafter being forced to admit that he never actually inspected or entered the facility in question.  For example, in a case filed last year in this District against a local Thai restaurant, Duldulao v. 5 Star Thai Dining, Inc., Case No. 8:10-cv-2227-T-33MAP,[3] Dr. Duldulao and his legal counsel took extraordinary steps to prevent the taking of Dr. Duldulao's deposition testimony (see Motion to Compel Deposition and for Sanctions attached hereto as **Exhibit C**) after Dr. Duldulao was forced to admit that he had never set foot in the restaurant premises, despite alleging various ADA non-compliance with respect to the interior of the restaurant, including items within the bathroom of the restaurant (see Plaintiff's Notice of Filing Answers to Court Interrogatories attached hereto as **Exhibit D**). …

---

[3] Portions of the Complaint filed in that case were attached as an exhibit to La Creperia's Motion to Dismiss/For More Definitive Statement, and the allegations made therein bear a striking similarity to those allegations of ADA non-compliance made by Plaintiff against La Creperia's restaurant facility.

**Standard of Review**

Article III of the United States Constitution limits the federal judicial power to "Cases" or "Controversies." U.S. Const. Art. III. §2. An action that is moot cannot be characterized as an active case or controversy." <u>Adler v. Duval County Sch. Bd.</u>, 112 F.3d 1475, 1477 (11th Cir. 1997). "A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome." <u>Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA.</u>, 386 F.3d 1070, 1086 (11th Cir. 2004). "[I]f events that occur subsequent to the filing of a lawsuit…deprive the court of the ability to give the plaintiff…meaningful relief, the case is moot and must be dismissed." <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1336 (11th Cir. 2001).

Rule 12(h)(3) of the Federal Rules of Civil Procedure states that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. (12)(h)(3). "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction…and facts outside of the pleadings may be considered as part of that determination." <u>Goodman v. Sipos</u>, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). In addition, "when a defendant properly challenges subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1), the district court is free to independently weigh facts." <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 925 (11th Cir. 2003). "Factual attacks on a motion to dismiss for lack of subject matter jurisdiction challenge subject matter jurisdiction in fact…In resolving a factual attack, the district court may consider extrinsic evidence such as testimony or affidavits." <u>Id.</u> at 925 n. 5.

<u>Rule 68, F.R.Civ.P.</u> Rule 68 of the Federal Rules of Civil Procedure provides:

**(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to

allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

**(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

**(c) Offer After Liability is Determined.** When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time--but at least 14 days--before the date set for a hearing to determine the extent of liability.

**(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1240 (11th Cir. 2002) (citing Marek v. Chesny, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)). Further, "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." Marek v. Estate of Chesny, 473 U.S. at 10.

Admission and consideration of the parties' settlement discussions is appropriate in the context of determining whether an appropriate Rule 68 offer of judgment was made and/or accepted by the other party. Boorstein v. City of New York, 107 F.R.D. 31 (S.D.N.Y. 1985).

### Dr. Duldulao's Americans With Disabilities Act Claim is Moot

In Mackenzie v. Kindred Hospitals East, L.L.C., the court held that an offer of judgment for more than the plaintiff could have received at trial in an action for an alleged violation of the Fair Labor Standards Act (the "FLSA"), plus attorneys' fees and costs to be determined, rendered the case moot. Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211 (M.D.

Fla. 2003) (citing that "a case becomes moot when the issues are no longer 'live' or when the parties lack a legally cognizable interest in the outcome of the litigation"). <u>Id.</u> at 1218.   In <u>Mackenzie</u>, the plaintiff sued the defendant under the FLSA for alleged overtime violations as a result of defendant's failure to pay the plaintiff one and a half times his regular hourly wage for hours worked in excess of forty (40) in a workweek. <u>Id.</u> at 1214.   Using payroll and timecard records, the defendant calculated the total maximum amount of plaintiff's overtime compensation, and the defendant served upon the plaintiff an offer of judgment for slightly more than such amount, plus reasonable attorneys' fees and costs. <u>Id.</u>   The plaintiff did not accept the offer. <u>Id.</u>   Thereafter, the defendant filed a motion to dismiss for lack of subject matter jurisdiction alleging that its offer of full relief moots the necessary case or controversy. <u>Id.</u> at 1215.   The court granted the defendant's motion to dismiss for lack of subject matter jurisdiction because the offer of judgment for full relief rendered the case moot. <u>Id.</u> at 1219.

Chief Judge Posner agrees, discussing an unaccepted offer that met or exceeded the maximum statutory damages, he held that such an offer "eliminated a legal dispute upon which federal jurisdiction can be based…You cannot persist in suing after you've won." <u>Greisz v. Household Bank (Illinois) N.A.</u>, 176 F.3d 1012, 1015 (7th Cir. 1999).   Therefore, a defendant's offer of full relief renders the case moot, even though the plaintiff does not accept the offer. <u>Mackenzie</u>, 276 F.Supp. 2d at 1219.

A Rule 68 offer of judgment is not limited to monetary claims, but also encompasses settlement of claims for non-monetary relief. <u>Danow v. Law Office of David E. Borack, P.A.</u>, 367 Fed. App'x 22, 24 (11 Cir. 2010) (offer of judgment conditioned upon plaintiff's signing a confidentiality release); <u>Andretti v. Borla</u>, 426 F.3d 824, 837-838 (6th Cir. 2005) (Rule 68 offer

of judgment can include injunctive relief); <u>Lynch v. First National Collection Bureau</u>, 2011 WL 2457903 (S.D. Fla.).

The only pertinent question is whether La Creperia's September Offer of Judgment offered full relief and compensation to Dr. Duldulao.  The remedies offered in full and complete settlement of the case met or exceeded the maximum injunctive relief and attorneys' fees and costs that Dr. Duldulao would have received if he had prevailed in his lawsuit against La Creperia.  In fact, La Creperia's offer was more generous than the remedies to which Dr. Duldulao would have been or could be awarded at trial, because the remedies in the September Offer of Judgment included ADA modifications, such as signage and handle modifications, which were not required in this case to be changed to accommodate Dr. Duldulao's particular physical disabilities. <u>Access Now, Inc. v. South Florida Stadium Corp.</u>, 161 F.Supp.2d 1357, 1363-1364 (S.D. Fla. 2001).

"[T]he circumstances would seemingly end the live controversy between the plaintiff and the defendant."  <u>Mackenzie</u>, 276 F. Supp. 2d at 1218.  Therefore, similar to <u>Mackenzie</u>, La Creperia's full array of relief in its September Offer of Judgment eliminates any case or controversy in this matter and renders the same moot.  <u>Id.</u> at 1219.  <u>See</u> <u>also</u> <u>Holcomb v. the Mortgage House, Inc. et al.</u>, 2007 WL 129008 (M.D. Fla. 2007); <u>Poole v. Veolia Especial Services, Inc.</u>, Case No. 6:07-cv-1147-Orl-18DAB (M.D. Fla. 2007)  Order (Doc. 25, filed December 7, 2007).

### **Attorneys' Fees Do Not Create Subject Matter Jurisdiction**

The outstanding issue of attorneys' fees and costs does not create a "case or controversy" to withstand dismissal for lack of subject matter jurisdiction.  Plaintiffs similarly situated to Dr. Duldulao have argued that a case cannot be dismissed when the issue of attorneys' fees has not

been resolved.  However, the case should be dismissed because an "interest in attorneys' fees is insufficient to create Article III case or controversy where none exists on the merits of the underlying case."  Holcomb, 2007 WL 129008 at 2.  "Further, the remaining issue regarding the amount of an attorney's fee and costs is a collateral matter and does not involve the merits of the case...that issue does not prevent the case from becoming moot." (internal citations omitted.). Mackenzie, 276 F.Supp.2d at 1218 n. 4. citing Budinich v. Becton Dickinson and Co., 486 U.S. 196, 199-200 (1988).  See also Williams v. McCullum Group Enterprises, Inc., 2008 WL 203302 (M.D. Fla. 2008).

In the event that this Court enters an order declaring La Creperia's September Offer of Judgment to have resolved this case, then La Creperia is entitled to its attorneys' fees incurred from the date of service of the September Offer of Judgment upon Plaintiff (i.e., September 13, 2011).  Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997).

In the instant case, any issues regarding entitlement to attorneys' fees and costs and the amount thereof does not prevent dismissal for lack of subject matter jurisdiction.  Because the collateral issues of attorneys' fees and costs do not create a case or controversy, any such argument from Dr. Duldulao should likewise fail.

**Conclusion**

La Creperia's offer of judgment provided Dr. Duldulao with greater than full injunctive relief and other compensation for his claim in the instant case.  Since La Creperia's offer would have made Dr. Duldulao whole if he had accepted it, no further case or controversy exists pursuant to Article III of the United States Constitution.  As a result, this Court no longer has subject matter jurisdiction over the claims set forth in this case.  The law in this District is clear: an offer of judgment for relief that meets or exceeds the maximum amount of damages and other

relief to which a claimant may be entitled renders the case moot and therefore lacking in subject matter jurisdiction.  Consistent with other court decisions on this issue, and the plain language of the United States Constitution and the Federal Rules of Civil Procedure, this case should be dismissed, with prejudice, for lack of subject matter jurisdiction.

**WHEREFORE,** the Defendant, La Creperia Café, Inc. respectfully requests that this Court enter an Order dismissing this Complaint for lack of subject matter jurisdiction and for any other relief this Court deems just and proper.

TAMPA LAW SOURCE, P.A.

/s/ Brian C. Chase
Daniel G. Musca, Esq.
Florida Bar No. 72877
dan@tampabizlaw.com
Brian C. Chase, Esq.
Florida Bar No. 17520
brian@tampabizlaw.com
12004 Race Track Road
Tampa, Florida 33626
Phone: (813) 814-0700
Facsimile: (813) 814-0762
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law has been furnished by electronic filing via CM/ECF or United States Mail this 29th day of September, 2011, to the following:

B. Bradley Weitz, Esq.
The Weitz Law Firm, P.A.
Bank of America Building
18305 Biscayne Blvd., Suite 214
Miami, Florida 33160
Tel: (305) 949-7777
Fax: (305) 704-3877

/s/ Brian C. Chase
Attorney