

TAMPA LAW SOURCE, P.A.

ATTORNEYS AT LAW

BUSINESS ✦ HEALTHCARE ✦ COMMERCIAL LITIGATION ✦ BANKRUPTCY ✦ REAL ESTATE

September 13, 2011

<u>**VIA E-MAIL & U.S. MAIL**</u>

B. Bradley Weitz, Esq.
The Weitz Law Firm, P.A.
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160

      Re:    **Kendrick E. Duldulao v. La Creperia Café, Inc., et. al.**
              **Case No. 8-11-CV-1413-T-23-TBM**
              **Rule 68 Offer of Judgment**

Dear Mr. Weitz:

        I noticed that my prior Rule 68 Offer of Judgment erroneously gave your client 10 days instead of 14 days to accept the offer, and accordingly I am providing to you this new Rule 68 Offer of Judgment in compliance with the Rule.

        As I indicated in my last Rule 68 correspondence to you in the beginning of August, I have reviewed the twelve allegations of ADA non-compliance made in your client's Complaint and after visiting the restaurant premises, reviewing the items in question and taking measurements of the same, I believe that only one of the twelve assertions (the mirror height) arguably has any merit. My review indicates overall compliance with respect to each of the twelve items set forth in your Complaint, as follows: (i) the minimum pile floor mat at the front door with its rubberized backing is not obstructive carpeting and is ADA compliant under Federal case law and Federal Attorney General opinion; (ii) the height of the bar and stools is irrelevant as there is lower level seating at tables throughout the restaurant; (iii) the bathroom door handle hardware is a latch-type, not a round handle and is sold as being ADA compliant; (iv) the pipes under the sink have enough clearance as per the ADA regulations to not to present a risk of scalding and thus are ADA compliant; (v) the restroom sink clearance is of a proper height, and there is ample handicap access regardless of the existence of an adjacent movable refuse container; (vi) the toilet flush controls are standard and sold as being ADA compliant; (vii) the restroom mirror is a few inches high (the potential ADA violation), but the configuration of the bathroom, with its protruding ledge on the middle of the wall, makes a compliant mirror height unreasonably difficult; (viii) the restroom paper towel dispenser was placed at an ADA compliant height; (ix) the restroom toilet paper dispenser was placed at an ADA compliant height; (x) the coat hook on the bathroom door is not a "storage facility" as per the ADA regulations cited in the Complaint and thus its height does not constitute an ADA violation; (xi) the directional and informational signage in the facility is visible from all public areas of the facility and is thus ADA compliant; (xii) such restroom signage contains braille lettering, depicts handicap access status and is otherwise sold by the vendors thereof as being ADA complaint.

## <u>EXHIBIT A</u>

September 13, 2011
Page 2

Despite the overall inaccurate and/or unclear nature of the charges of ADA violations set forth in your client's Complaint and in order to avoid what will doubtlessly be expensive litigation even in the near term, my client is willing to correct any and all non-compliance with the ADA within the next five business days after this offer to settle is accepted and pay your client his reasonable attorneys' fees, expenses and court costs incurred through the date of this letter; payable thirty days after the terms of this letter are accepted by you.

The specific steps that my client is willing to take and/or has already taken to resolve all possible ADA violations includes the following: (a) either removing entirely the mirror in the restroom or placing a second mirror below the existing wall ledge; (b) lowering the bathroom door hook; and (c) putting an insulating sleeve on the PVC plumbing under the sink. We would consent to an injunction with respect to the changed items not to put them back in the old locations, not to undo the modifications to the above items and ensure that such items and the restaurant premises remain ADA compliant.

Based upon our review of the regulations in question and the restaurant premises, we sincerely do not feel that there are even arguably any other ADA violations. However, if you or your client can show any legal authority whatsoever of evidence of any other non-compliance with the ADA by the restaurant, we will remedy the same within five business days of such non-compliance being identified and make those items part of the injunction. We will do so if you can show any authority whatsoever that there is any remotely plausible argument that other items in the restaurant (other than the items that I mention will be modified in my prior paragraph) are not ADA compliant. An inspection for this purpose can be scheduled by you and/or your client at your convenience at any time within twenty-one days of this letter. Judgment with respect to the injunction, fees and costs shall be entered against my client accordingly. If we cannot agree on the costs and reasonableness of the attorneys' fees incurred by your client to date, then we agree to submit the same to Judge McCoun, the Magistrate Judge in this matter, for his determination, and agree to be bound by such result.

Please consider the settlement terms expressed in the preceding paragraph as an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure, which shall be deemed revoked and withdrawn if not accepted within fourteen days of your receipt of this correspondence. Please also consider this letter to be a complete capitulation to your demands to the extent that we understand them (now or after your above reinspection of the restaurant premises). If our offer to fix any item within the restaurant premises is not specific enough, then please advise of why you feel this is the case and we will be more specific.

Please be advised that if your client does not beat the settlement offer set forth in the preceding paragraph at trial (and I cannot imagine under what state of affairs he would as we are hereby offering to fix anything and everything even if questionably required), his attorneys' fees will be capped as of today. Further, in such event your client will be responsible for our attorneys' fees.

If you need to reach me to discuss this matter, please feel free to call me at (813) 814-0700, Ext. 10. You can also e-mail me at: dan@tampabizlaw.com. I look forward to hearing from you.

Very truly yours,

Dan Musca